WINDELS MARX LANE & MITTENDORF, LLP
*Attorneys for Alan Nisselson, Chapter 7 Trustee*
156 West 56th Street
New York, New York 10019
Telephone (212) 237-1000
Attorney Appearing: Leslie S. Barr (lbarr@windelsmarx.com)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re                                                              :
                                                                        :   Chapter 7
THE D&M CAPITAL GROUP, LLC,               :
                                                                        :   Case No. 19-11711-scc
                      Debtor.                           :
-------------------------------------------------------x
ALAN NISSELSON, as Chapter 7 Trustee   :
of the estate of THE D&M CAPITAL             :
GROUP, LLC,                                                   :
                                                                        :
                      Plaintiff,                       :   Adv. Pro. No. _____
                                                                        :
            -against-                                     :
                                                                        :
S. B. Diamond Corp.,                                    :
                                                                        :
                      Defendant.                   :
-------------------------------------------------------x

## COMPLAINT FOR TURNOVER

Alan Nisselson ("***Trustee***" or "***Plaintiff***"), trustee for the chapter 7 estate ("***Estate***") of The D&M Capital Group LLC ("***Debtor***" or "***D&M***"), by his undersigned attorneys, Windels Marx Lane & Mittendorf, LLP, for his Complaint against S.B. Diamond Corp. ("***Defendant***" or "***SBD***"), upon knowledge with respect to his own acts, and upon information and belief with respect to all other matters, alleges as follows:

### Nature of the Adversary Proceeding

1.      Plaintiff commences this adversary proceeding pursuant to Section 542(a) of title 11 of the United States Code (the "***Bankruptcy Code***") and Rule 7001(1) of the Federal Rules

of Bankruptcy Procedure ("**Fed. R. Bankr. P.**") for judgment against Defendant ordering Defendant to turnover to the Trustee property of the Debtor's Estate.

2. Plaintiff seeks, under Bankruptcy Code § 542(a), turnover of property of the Debtor's Estate, comprised of four items of jewelry and gems, identified further below, that Debtor has delivered to Defendant, that have listed amounts of $45,000, $200,000, $2,000, and $1,500, respectively, and in which Debtor has an ownership interest.

### Jurisdiction and Venue

3. The filing of this Complaint initiates an adversary proceeding. Fed. R. Bankr. P. 7001(1).

4. This adversary proceeding arise in connection with and relates to the above-captioned bankruptcy case, in which the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on May 28, 2019 (the "**Petition Date**"). On August 11, 2020 (the "**Conversion Date**"), the case was converted to one under chapter 7 of the Bankruptcy Code.

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference of the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.).

8. Venue in this District is proper under 28 U.S.C. §§ 1408 and 1409.

9. This adversary proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(E) and (J).

10. The Trustee consents to the entry of final orders or judgment by this Court if it is determined that consent of the parties is required by this Court to enter final orders or judgment consistent with Article III of the United States Constitution.

**The Parties**

11. Plaintiff is the duly appointed permanent chapter 7 trustee of the Debtor's Estate.

12. Defendant is a corporation engaged in the business of buying and selling high-end jewelry and gems and maintains an office at 50 West 47th St., Suite 1611, New York, NY 10036.

**Background**

13. The Debtor was formed in 2006 and specialized in buying and selling high-end jewelry and gems. The Debtor's business included entering participation arrangements with other entities for the acquisition and sale of certain jewelry and gems. It also included Debtor's delivery "on memorandum" of certain jewelry and gems, wholly or partially owned by Debtor, to various industry vendors, a form of consignment used in the jewelry industry to facilitate the sale of high-end items.

14. The memoranda used by Debtor for these "on memorandum" transactions (the "*Memoranda*" or "*Memorandum*") included a description of and the dollar amount for the jewelry being delivered and terms governing the Debtor's rights and the consignee's obligations with respect to the delivered jewelry. These terms state that any jewelry delivered on memorandum "shall remain the property of [Debtor] and shall be returned on demand." These terms also state that until the jewelry is returned, the consignee is "fully responsible" for the delivered jewelry and that, in the event of damage to or loss of the delivered jewelry for whatever reason, the consignee shall indemnify Debtor by "payment of the amount" stated in the Memorandum. The Memorandum provides that the consignee's "receipt of the [delivered jewelry] constitutes [the consignee's] agreement" to the Memorandum's terms.

15. The Debtor delivered on memorandum to SBD the four items of jewelry or gems detailed in the following chart (the "*Four Items*").

| Item No. | Description | Location Following Delivery | Memo # | Memo Date | Memo Amount | Participation Interests |
|---|---|---|---|---|---|---|
| JN0165 | Necklace | SBD | Memo #5373 | 6/15/20 | $45,000.00 | D&M and SBD each own 50% |
| DM2958 | Loose diamond | SBD* | Memo #4797 | 10/3/17 | $200,000.00 | D&M and Shanghai Pearls & Gems, Inc. d/b/a Ultimate Diamond Co. ("*Ultimate*") each own 25%; SBD owns 50% |
| JE0155 | Earrings | SBD* | Memo #4551 | 12/29/16 | $2,000.00 | D&M and SBD each own 50% |
| JR0264 | Ring | SBD | ** | ** | $1,500.00 | D&M, SBD and Radwan Diamond & Jewelry Trading ("*Radwan*") each own 33.33% |

*SBD counsel has informed the Trustee that DM2958 is now held by a Paul Gregory and JE0155 is now held by Radwan.
** The Trustee is still searching the Debtor's records for the memorandum governing JR0264.

16. Each of the above-identified Memoranda is signed by a representative of SBD.

17. Following the commencement of Debtor's Chapter 11 case, Debtor's counsel sent SBD a letter demanding the return of all jewelry and gems that Debtor had delivered on memorandum to SBD. SBD did not return any property to Debtor. After the Conversion Date, the Trustee sent SBD a letter demanding the return of all jewelry and gems that Debtor had delivered on memorandum to SBD, specifically including the Four Items. SBD did not return any property, including the Four Items, to the Trustee.

18. Accordingly, the Trustee has commenced this proceeding against Defendant for turnover of the Four Items.

**Claim for Relief**
(**Turnover of the Four Items**)

19. Plaintiff repeats and realleges all allegations set forth in paragraphs 1 through 18 of this Complaint as if set forth in full herein.

20. Bankruptcy Code § 542(a) requires any entity in possession, custody or control, during the case, of property that the trustee may use, sell, or lease under Bankruptcy Code § 363, to deliver to the trustee such property.

21. The Four Items constitute property of the Estate within the meaning of Bankruptcy Code § 541(a).

22. The Four Items constitute property that the Trustee may use, sell, or lease under Bankruptcy Code § 363.

23. Despite demand, Defendant has failed to turn over the Four Items.

24. Accordingly, the Court should enter a judgment compelling Defendant to turn over the Four Items or the value thereof to the Trustee.

## Reservation of Rights

25. Plaintiff reserves the right to amend this original complaint to include (i) further information regarding any jewelry and gems that Debtor has delivered on memorandum to SBD, including the Four Items; (ii) additional defendants; and/or (iii) additional causes of action (collectively the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original complaint.

**WHEREFORE**, Plaintiff prays for judgment against Defendant (a) under the Claim for Relief compelling Defendant to turn over the Four Items or the value thereof to the Trustee, (b) awarding to the Trustee the costs and disbursements of this action; and (c) for such other and further relief as this Court deems just and proper.

Dated: New York, New York         WINDELS MARX LANE & MITTENDORF, LLP
          December 23, 2020              *Attorneys for Alan Nisselson, Chapter 7 Trustee*

By:   */s/ Leslie S. Barr*
     Leslie S. Barr (lbarr@windelsmarx.com)
     156 West 56th Street
     New York, New York 10019
     Telephone (212) 237-1000
     Facsimile (212) 262-1215

{11878247:3}11878247.DOCX